UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KAMMICK FOUCHE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | No. 4:11-CV-1622 CAS |
| v. | ) |  |
|  | ) |  |
| MISSOURI AMERICAN WATER | ) |  |
| COMPANY, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' partial motion to dismiss. Defendants move to dismiss plaintiff's claims against the individual defendants, and claims they contend are time-barred. Plaintiff did not file a response to defendants' motion. Also before the Court is the issue of subject matter jurisdiction. Upon review of the record in this case, the Court ordered that defendants, as the removing parties, show cause as to why federal subject matter jurisdiction exists in this case. For the following reasons, the Court finds there is federal subject matter. The Court also finds defendants' partial motion to dismiss should be denied as moot.

*I. Background*

Plaintiff filed suit in the Circuit Court of the County of St. Louis, State of Missouri. Plaintiff's petition (hereinafter the "Complaint") asserts that plaintiff was employed by Missouri American Water Company ("MAWC"). Plaintiff alleges that MAWC and three of its employees, Ann E. Simmons, Maxine Mitch, and Bob Clark, who are named as defendants, discriminated against him based, in part, on his race and because he had successfully prosecuted a prior claim with the Missouri Human Rights Commission ("MHRC"). More specifically, plaintiff alleges in his

Complaint that defendants unlawfully failed and refused to grant him reinstatement after sick leave. He alleges that he has a medical condition and went out on sick leave on June 17, 2010, with an anticipated return date of June 24, 2010. Plaintiff alleges that defendants "created a framework relating to plaintiff's medical leave that was out of line of [MAWC]'s policies, thus holding plaintiff to a standard higher than required of white employees." Doc. 4 at 4. He claims he was falsely accused of abusing narcotics, and was required to prove that he was not using drugs within an unreasonable time frame. Plaintiff claims he did provide medical proof, but he did so one day later than requested. He alleges defendants "used this inconsequential delay as a pretext to discharge plaintiff for purported cause, but was, in fact, retaliation for plaintiff's prior actions against defendants for violation of his rights." Id. at 4. Plaintiff alleges that defendants "discriminated against plaintiff on the basis of his race in that plaintiff's race was a contributing factor in defendants' refusal to accommodate plaintiff's work-related injury and reinstatement of sick leave[.]" Id. at 5. Plaintiff also claims defendants refused to appropriately remedy known defects in his company vehicle.

Plaintiff did not label claims or counts in the Complaint, but he does state in his introduction and in his prayer for relief that he is bringing his claims pursuant to the Missouri Human Rights Act ("MHRA"). Plaintiff also alleges MAWC is an employer within the meaning of the MHRA. The Complaint does not contain a claim for breach of a union contract.

Defendants removed the action to this federal court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, asserting that (1) plaintiff has asserted a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; and (2) plaintiff's state law claims are preempted under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

Following removal, defendants answered the Complaint, in part, and filed a motion for partial dismissal. In their partial motion to dismiss, defendants argue plaintiff's claims against the individual defendants should be dismissed because the individual defendants were not named in plaintiff's administrative charge of discrimination, and there is no individual liability under Title VII. Defendants also argue in their partial motion to dismiss that plaintiff's claims that defendants refused to accommodate his work-related injury, reinstate his sick leave, and repair his company vehicle occurred in 2009, more than 300 days prior to plaintiff's charge, and they were not raised in the charge and therefore should be dismissed. Defendants state in their motion that "[t]he sole remaining claim would be the one asserted in the Charge – that Defendant MAWC placed Plaintiff on medical leave in June 2010 and discharged him in July 2010 because of his race." See Motion and Memorandum, Doc. 8 at 2, n.2.

Following the filing of the partial motion to dismiss, the undersigned reviewed the Complaint and the removal petition and noted that there remained questions as to whether federal subject matter jurisdiction exits in this case. The Court noted that in its view, plaintiff was not asserting a claim of discrimination under Title VII. The Court also noted that although defendants asserted that plaintiff's claims under the MHRA were preempted by federal labor law – an issue defendants had raised in their answer and notice of removal, but not in their partial motion to dismiss – the Court could not evaluate the issue without additional information, including language from the applicable collective bargaining agreement ("CBA"). The Court ordered defendants to file a memorandum of law establishing the existence of federal subject matter jurisdiction. Defendants were to address the issue of labor law preemption and they could also address why they believed plaintiff had stated a claim under Title VII. Plaintiff was given the opportunity to respond. Defendants filed an eight-page memorandum with citation to legal authority, attached to which was the CBA at issue.

3

Plaintiff, in turn, filed a two-page response, which was devoid of any legal authority and failed to adequately address any of the issues raised in defendants' memorandum.

## *II. Discussion*

A.      **Subject Matter Jurisdiction**

The Eighth Circuit has instructed that "[i]n every federal case the [district] court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). Courts are to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987).

Defendants, as the parties invoking jurisdiction, bear the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997). Defendants removed this case on the basis of federal question pursuant to 28 U.S.C. § 1331. Defendants argued federal question jurisdiction exists because (1) plaintiff has asserted a claim under Title VII; and (2) plaintiff's state law claims are preempted under Section 301 of the LMRA.

In most instances, the presence or absence of a federal question is governed by the well-pleaded complaint rule "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). See also Gore v. Trans World Airlines, 210 F.3d 944, 948 (8th Cir. 2000). A plaintiff is the master of his complaint, and may avoid federal removal jurisdiction by exclusive reliance on state law. Caterpillar, 482 U.S. at 392. "Congress has long since decided that

4

federal defenses do not provide a basis for removal." Id. at 399. "Thus, a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense in anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (internal quotation marks and quoted case omitted). See also Peters v. Union Pac. R. Co., 80 F.3d 257, 260 (8th Cir. 1996).

There are limited circumstances, however, in which the presentation of a federal defense will give rise to federal jurisdiction. The doctrine of complete preemption is a narrow exception to the well-pleaded complaint rule. Krispin v. May Dep't Stores Co., 218 F.3d 919, 922 (8th Cir. 2000). Complete preemption applies in circumstances where certain federal statutes are deemed to possess "'extraordinary pre-emptive power,' a conclusion courts reach reluctantly." Gaming Corp. of America v. Dorsey & Whitney, 88 F.3d 536, 543 (8th Cir. 1996) (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)). Under the doctrine, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Caterpillar, 482 U.S. at 393. "Whether federal law pre-empts a state-law cause of action is a question of congressional intent." Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246, 252 (1994). Courts "must determine whether Congress has clearly manifested an intent to make a cause of action pleaded under state law removable to federal court, mindful that in the ordinary case federal preemption is merely a defense to a plaintiff's lawsuit." Magee v. Exxon Corp., 135 F.3d 599, 602 (8th Cir. 1998) (internal citation omitted).

The artful pleading doctrine provides that a plaintiff may not defeat removal by omitting to plead necessary federal questions. Rivet, 522 U.S. at 475. The artful pleading doctrine is limited

5

to federal statutes which "so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal." Metropolitan Life, 481 U.S. at 63.

The issues before the Court are whether plaintiff has indeed pleaded a claim under Title VII that would invoke this Court's federal question jurisdiction, and whether plaintiff's state law claims of discrimination under the MHRA are preempted by federal labor law such that this Court has federal question jurisdiction.

### 1. Plaintiff has not pleaded a claim under Title VII.

In regard to defendants' assertion that plaintiff is bringing a claim under Title VII, defendants argue that plaintiff is clearly seeking relief under Title VII because he alleges the following in the Complaint: (1) he filed a charge of discrimination with MHRC and the Equal Employment Opportunity Commission ("EEOC"); (2) the EEOC issued him a "Notice of Right to Sue"; and (3) the action was "timely under the EEOC, in that it is filed within ninety (90) days of such notice[.]" See Doc. 4 at 5. In support of their assertion that the Complaint states a claim under Title VII defendants argue that by referencing the EEOC in his Complaint, plaintiff has "invok[ed] federal jurisdiction by asserting a claim 'under' the EEOC." See Doc. 12 at 2. Defendants cite to cases from the Eighth Circuit and this district in support of their argument: Page v. Arkansas Dep't of Corr., 222 F.3d 453, 454-55 (8th Cir. 2000); Dubose v. Proffer, No 4:11-CV-1127, 2011 WL 3648628, at *2 (E.D. Mo. Aug. 18, 2011); Meyer v. Choice Hotels Int'l, No. 4:07-CV-915, 2007 WL 1725293, at *1 (E.D. Mo. June 12, 2007).

The Court finds two of these cases, Page and Dubose, are distinguishable from the case at bar. First and foremost, these cases involved pro se plaintiffs. In the present case plaintiff is not proceeding pro se; he is represented by counsel. Unlike pleadings drafted by attorneys, pro se pleadings are to be liberally construed and are held to less stringent standards. Smith v. St. Bernards

6

Regional Medical Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994). In Page, the pro se plaintiff had filed a letter with the district court with an attached EEOC charge. 222 F.3d at 455. The issue was whether the pro se plaintiff in filing the letter had met the statute of limitations and set forth a claim under Title VII. The Eighth Circuit reviewed her letter liberally and concluded that she had. Id. It does not follow that the Eighth Circuit would have reached the same conclusion had the plaintiff been represented by counsel. In the Dubose case, the defendants removed a state court case to federal court, and the pro se plaintiff moved to remand, arguing that her complaint pleaded a claim only under the MHRA. 2011 WL 3648628, at *2. The district court reviewed the pro se complaint and concluded the plaintiff had brought a claim under Title VII. In addition to being a pro se case, the Dubose case is distinguishable from the case at hand because Dubose's state court petition alleged that the defendant had violated "the civil rights act of 1964" and "EEOC policies" in retaliating against her. Id. at *4. There are no similar allegations in plaintiff's Complaint.

The Meyer v. Choice Hotels International case appears to be on all fours with the case at bar: Meyer was represented by counsel and the petition alleges that she received a Notice of Right to Sue from the EEOC, but appears to pray for relief only under the MHRA. 2007 WL 1725293, at *1. The Court, however, declines to follow that case's holding. First, in reaching its decision that reference to an EEOC right-to-sue letter in the petition alleged a cause of action under Title VII, the court in Meyer relied heavily on Page, which was a pro se case. 2007 WL 172529, at *3. As stated above, more liberal standards apply to pro se complaints than to complaints filed by counsel.

Second, in determining whether a federal question was presented on the face of the plaintiff's complaint, the Meyer court used a pleading standard that has since been abrogated by the Supreme Court. The Meyer court stated that "[i]n the context of employment discrimination, a complaint containing factual allegations of discrimination with an EEOC right-to-sue letter attached to it

7

alleges a claim under Title VII" because it provides defendant "fair notice" of the claim. Id. at **3-4 (citing to Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002) and Conley v. Gibson, 355 U.S. 41, 47 (1957)). The "fair notice" standard as articulated in Conley is no longer applicable, and the Supreme Court now requires that a complaint plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a claim, a well-pleaded complaint "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise the right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (quoting Twombly, 550 U.S. at 555–56 & n.3). A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Twombly, 550 U.S. at 562 (quoted case omitted). The new standard is more stringent than the "fair notice" standard the Meyer court applied.

The Court has carefully reviewed plaintiff's Complaint and finds plaintiff has not asserted a claim under Title VII. Plaintiff does make a few references to the EEOC, but this is not enough to allege a claim under Title VII.[1] This is particularly true where the charge was not attached to the Complaint, there is no reference in the Complaint to Title VII, and plaintiff prays for relief solely under the MHRA.

The Court stated in the show cause order that in its view plaintiff had not asserted a claim under Title VII, and plaintiff has done nothing to disabuse the Court of this notion. In his response to the show cause order, plaintiff did not state that he was asserting a claim under Title VII. In fact,

---

[1]Plaintiff asserts in his Complaint that he timely filed a charge with the EEOC, the EEOC issued him a right to sue notice, and the action is timely filed "under the EEOC (sic)." See Complaint, Doc. 4 at 5.

8

plaintiff states that he is not asserting a claim under federal law and requests, without formally moving, that the Court remand the case to state court. In sum, the Court finds that it does not have federal question jurisdiction on the basis that plaintiff has alleged a claim under Title VII, as he has not pleaded a Title VII claim on the face of his Complaint.[2]

### 2. Plaintiff's MHRA claim is preempted by federal labor law.

In regard to defendants' argument that plaintiff's state law claims are preempted by § 301 of the LMRA, defendants assert plaintiff was an equipment operator for MAWC and a union employee represented by the Utility Workers Union of America, Local 335 ("Local 335"). Therefore, according to defendants, the terms and conditions of plaintiff's employment, including procedures for sick leave and termination of employment, were subject to a CBA.[3] Citing Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399, 410 (1988), among other cases, defendants assert that resolving plaintiff's state claims will involve substantial analysis of the CBA and, therefore, plaintiff's state claims are completely preempted by federal labor law.

---

[2]Defendants also argue in their memorandum in response to the show cause order that plaintiff has stated a claim under Title VII because he only alleges that he received a right to sue letter from the EEOC, "which does not secure a plaintiff's right to file suit under the MHRA." Doc. 12 at 3. Therefore, according to defendants, plaintiff "must be trying to assert a claim under Title VII." Id. The fact that plaintiff alleges he received a right to sue letter from the EEOC and not the MHRC does not create a claim under Title VII. The significance of this allegation is that plaintiff may not have met the requirements to state a claim under the MHRA, which he is clearly trying to do. Defendants, however, did not move for dismissal of the MHRA claims on this ground, and the Court will not address the issue on the merits at this time.

[3]There are no allegations in plaintiff's Complaint that he was a union employee represented by Local 335. Furthermore, the terms of the CBA were not included in the Complaint. That said, in reviewing subject matter jurisdiction, the Court is not limited to the allegations in the Complaint. Rivet, 522 U.S. at 475 (a plaintiff may not defeat removal by omitting to plead necessary federal questions). Plaintiff was given ample opportunity to respond to defendants' arguments and exhibits. In his response memorandum, plaintiff did not dispute that the was a member of Local 335, or that his employment was subject to the terms of the CBA.

Not every state law claim that involves a CBA is preempted by federal labor law, and the determination must be made on a case-by-case basis. Kmetz v. Permacel St. Louis, Inc., 2008 WL 4643868, at *2 (E.D. Mo. Oct. 20, 2008). See also Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211 (1985) ("[N]ot every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of the federal labor law."); Hanks v. General Motors Corp., 906 F.2d 341, 343 (8th Cir. 1990) ("[A] state law claim may involve analysis of the same set of facts as a claim arising under the collective bargaining agreement without compelling preemption.") (citing Lingle, 486 U.S. at 407-08). The inquiry is whether the state claim "confers nonnegotiable state-law rights on employers or employees independent of any right established by contract, or, instead, whether evaluation of the tort claim is inextricably intertwined with consideration of the terms of the labor contract." Allis-Chalmers, 471 U.S. at 213. "[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law." Id. at 220 (internal citation omitted). See also Bogan v. General Motors Corp., 500 F.3d 829, 833 (8th Cir. 2007); Luecke v. Schnucks Markets, Inc., 85 F.3d 356 (8th Cir. 1996).

In the case at bar, plaintiff alleges that defendants did not follow policy and terminated his employment after not allowing him to return to work following sick leave. He claims defendants failed to accommodate his work-related injury and unlawfully terminated his employment based, at least in part, on his race and the fact he had successfully prosecuted a prior claim of discrimination. He further alleges that defendants falsely accused him of abusing narcotics, and he was required to prove that he was not using drugs within an unreasonable time frame. Plaintiff also claims that defendants refused to appropriately remedy known defects in his company-provided

vehicle. Defendants contend in their Notice of Removal that these claims are inextricably intertwined with the terms of a CBA, and that the Court would be required to interpret the CBA to resolve plaintiff's claims. The Court agrees.

Defendants attached a copy of the applicable CBA to its show cause response. According to defendants, the CBA outlines the terms and conditions of union members' employment with MAWC, including plaintiff's. One of the provisions included in the CBA governs sick leave, and the conditions for return to duty from sick leave. It provides that an employee on sick leave shall be re-employed upon "complete recovery." See Doc. 12, Ex. 3 at 1. In addition, the CBA governs reassignments to temporary positions due to illness and injury, and the calculation of pay and seniority. Id. at 1 & 12. The CBA also provides a procedure for determining whether employees are physically fit to perform their duties. Id. at 9. There are also provisions in the CBA that address defendant MAWC's obligation to provide adequate transportation and company vehicles to employees. See Doc. 12, Ex. 2 at 16-18.

To the extent plaintiff is making a claim of failure to accommodate a work-related injury or illness under the MHRA, the Court finds this claim is preempted. The Eighth Circuit has held that a failure to accommodate claim brought under the MHRA is preempted by Section 301 of the LMRA. Davis v. Johnson Controls, Inc., 21 F.3d 866 (8th Cir. 1994). In Davis, the Eighth Circuit affirmed the district court's holding that a discrimination claim under the MHRA was preempted by Section 301 where the plaintiff had been unable to work following a back injury, and the employer did not permit him to return to work after his condition improved. Id. at 868. The Eighth Circuit agreed with the district court that the plaintiff's MHRA failure to accommodate claim was preempted because deciding the claim would require an evaluation of the employer's obligations under the CBA and an interpretation of the agreement's seniority provisions. Id. As a result, the

11

Eighth Circuit found the state law claims in Davis were preempted under Allis-Chalmers and Lingle. Id. In light of the holding in Davis, the undersigned finds plaintiff's failure to accommodate claim under the MHRA, to the extent he is asserting one, is preempted.

The Eighth Circuit has also held that a wrongful discharge claim may be preempted by § 301 of the LMRA. In Hanks v. General Motors Corp., 859 F.2d 67 (8th Cir. 1988), an employee, like plaintiff, was fired after failing to return to work from a medical leave. Id. at 68. General Motors classified the discharge as a voluntary quit pursuant to the terms of a collective bargaining agreement. The plaintiff brought a claim of wrongful discharge, among others, and the defendant moved for summary judgment on the basis of preemption. The Court of Appeals upheld the district court's decision that the wrongful discharge claim was preempted, and wrote, "in order to determine whether [plaintiff] was wrongfully discharged, the court must interpret the terms of the [CBA] covering termination of employment for failure to return to work," and therefore found the unlawful termination claim was preempted. Id. at 69.

The same analysis applies in the case at bar. Here, plaintiff was discharged following a medical leave of absence. The defendants in this case also classified plaintiff's discharge as a voluntary termination under the terms of the CBA. Like the claim in Hanks, reviewing plaintiff's unlawful discharge claim would require interpretation of the voluntary termination and sick leave provisions of the CBA. The Court, therefore, finds that plaintiff's unlawful termination claim under the MHRA is preempted by Section 301 of the LMRA.

Plaintiff also appears to be asserting a claim against defendants for failure to adequately repair his company vehicle, which he alleges was on account of his race. The Court finds this claim is also preempted. Although there is no binding case law exactly on point, the Court finds the claim would be preempted because there are specific provisions in the CBA that relate to defendant

MAWC's duty to provide maintenance for a company vehicle, and the Court would be called upon to interpret the meaning of these provisions. See Lingle, 486 U.S. at 407-08; Allis-Chalmers, 471 U.S. at 213.

In sum, the Court finds it has federal subject matter jurisdiction over this case pursuant to 28 U.S.C. 1331, because plaintiff's MHRA claims are preempted by Section 301 of the LMRA. Accordingly, the Court will retain jurisdiction over this case and not remand it to state court.

### B. Partial Motion To Dismiss

In response to plaintiff's complaint, defendants filed a partial motion to dismiss, to which plaintiff never filed a response. In their motion, defendants argue that plaintiff's MHRA and Title VII claims against the individual defendants fail as a matter of law because plaintiff did not name the individual defendants in his charge, and to the extent plaintiff is asserting a claim under Title VII, there is no individual liability. Defendants also argue that to the extent plaintiff is claiming violations of the MHRA and Title VII for defendants' alleged failure to accommodate his work-related injury in 2009 and failure to remedy known defects in his company vehicle, which also occurred in 2009, these claims are barred under the applicable statute of limitations.

The Court finds that it need not address defendants' arguments on the merits. First, as stated above, the Court finds plaintiff has not alleged a claim under Title VII and, therefore, to the extent defendants' partial motion to dismiss is based on Title VII law, that law and analysis is not applicable to the case at bar. Second, the Court has found plaintiff's claims under the MHRA are preempted by federal labor law. Therefore, to the extent defendants' partial motion to dismiss is based on MHRA law, that law is also not applicable to the case at bar. Defendants' partial motion to dismiss will be denied as moot.

### *III. Conclusion*

To summarize, the Court finds that plaintiff has not alleged a claim under Title VII in his Complaint and, therefore, federal question jurisdiction does not exist on this basis. The Court does find plaintiff's claims under the MHRA are preempted by federal labor law and, therefore, this Court has subject matter jurisdiction over this case. In light of these rulings, the Court finds defendants' partial motion to dismiss is moot, because plaintiff is not bringing a claim under Title VII and his MHRA claims are preempted.

Finally, there is a stay in this matter, which the Court will lift at this time. The parties may proceed in this action under applicable labor laws. The Court will further order that the parties file an amended joint proposed scheduling plan.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' partial motion to dismiss is **DENIED as moot**. [Doc. 8]

**IT IS FURTHER ORDERED** that the stay in this matter is **LIFTED.**

**IT IS FURTHER ORDERED** that no later than ten (10) days from the date of this Memorandum and Order**,** counsel shall file an amended joint proposed scheduling plan with the Court.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __9th__ day of July, 2012.