**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KAMMICK FOUCHE,        ) | |
|                       ) | |

KAMMICK FOUCHE,               )
                                )
            Plaintiff,           )
                                )         No. 4:11-CV-1622 CAS
           v.                    )
                                )
MISSOURI AMERICAN WATER    )
COMPANY, et al.,              )
                                )
            Defendants.       )

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motion for judgment on the pleadings. Defendants move to dismiss plaintiff's claims as being preempted under Section 301 of the Labor Management Relations Act ("LMRA" or "the Act"), 29 U.S.C. § 185, or in the alternative, because plaintiff has failed to state a claim under the LMRA.  Plaintiff filed a one-page response, which was devoid of any legal authority and failed to adequately address any of the issues raised in defendants' motion.  For the following reasons, the Court grants defendants' motion for judgment on the pleadings.

## I.  Background

Plaintiff originally filed suit in the Circuit Court of the County of St. Louis, State of Missouri.  Plaintiff's petition (hereinafter the "Complaint") asserts that plaintiff was employed by defendant Missouri American Water Company ("MAWC").  Plaintiff alleges that MAWC and three of its employees, Ann E. Simmons, Maxine Mitch, and Bob Clark, who are also named as defendants, discriminated against him based, in part, on his race and because he had successfully prosecuted a prior claim with the Missouri Human Rights Commission ("MHRC").  Plaintiff did not

label claims or counts in the Complaint, but he does state in his introduction and in his prayer for relief that he is bringing his claims pursuant to the Missouri Human Rights Act ("MHRA").  The Complaint does not contain a claim for breach of a union contract.

Defendants removed the action to this federal court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, asserting that (1) plaintiff has asserted a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; and (2) plaintiff's state law claims are preempted the LMRA.  Following removal, defendants answered the Complaint, in part, and filed a motion for partial dismissal.  In their partial motion to dismiss, defendants argued plaintiff's claims against the individual defendants should be dismissed because the individual defendants were not named in plaintiff's administrative charge of discrimination, and there is no individual liability under Title VII.  Defendants also argued in their partial motion to dismiss that some events upon which some of plaintiff's claims are based occurred more than 300 days prior to plaintiff's charge, and these claims were not raised in the charge and therefore should be dismissed.

Following the filing of the partial motion to dismiss, the undersigned reviewed the Complaint and the removal petition and found that there remained questions as to whether federal subject matter jurisdiction exited in the case.  In an Memorandum and Order dated December 1, 2011, the Court noted that in its view, plaintiff was not asserting claims under Title VII.  The Court also noted that although defendants asserted in their notice of removal that plaintiff's claims under the MHRA were preempted by federal labor law, the Court could not evaluate the issue without additional information, including language from the applicable collective bargaining agreement ("CBA").  The Court ordered defendants to file a memorandum of law establishing the existence of federal subject matter jurisdiction.

2

In response to the show cause order, defendants filed a memorandum in which they asserted plaintiff was an equipment operator for MAWC and a union employee represented by the Utility Workers Union of America, Local 335.  Defendants argued that plaintiff's MHRA claims are preempted by the LMRA because resolving the claims would necessarily involve interpreting the CBA, which outlines the terms and conditions of union members' employment with MAWC, including plaintiff's.  Defendants attached a copy of the applicable CBA to their memorandum.  Defendants also argued that the Complaint contained claims under Title VII based, in part, on the fact that plaintiff alleged he had filed a charge with the Equal Employment Opportunity Commission ("EEOC").  Plaintiff filed a two-page response to defendants' memorandum, in which he did not address defendants' exhibits, or refute defendants' arguments on the merits.

On July 9, 2012, the undersigned issued a Memorandum and Order in which the Court found plaintiff was not attempting to assert claims under Title VII.  The Court found, however, that there is federal question subject matter jurisdiction in this case because plaintiff's MHRA claims are preempted by § 301 of the LMRA.  The Court found the terms and conditions of plaintiff's employment were subject to a CBA, and that resolving plaintiff's MHRA claims would involve substantial analysis of the CBA.  Therefore, under applicable law, the Court found plaintiff's MHRA claims are completely preempted by § 301 of the LMRA.

In the motion presently before the Court, defendants now move to dismiss plaintiff's cause of action because, they argue, plaintiff has failed to state a claim under§ 301 of the LMRA.  Defendants assert plaintiff's remaining state law claims should be dismissed outright as a matter of law that because the Court has found they are preempted by § 301.  In the alternative, defendants argue that plaintiff's allegations should be treated as claims under the LMRA, but they should be dismissed because they are time-barred and plaintiff failed to exhaust the CBA's grievance

3

procedures.  Plaintiff filed a cursory one-page response to defendant's motion for judgment on the pleadings.  He did not address the arguments on the merits.  What is more, plaintiff has not moved to file an amended complaint.

## II.  Standard

Rule 12(c) of the Federal Rules of Civil Procedure provides that after the pleadings are closed, a party may move for judgment on the pleadings.  A motion under Rule 12(c) is determined by the same standards that are applied to a motion under Rule 12(b)(6).  Ginsburg v. InBev NV/SA, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010).  "A grant of judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law."  Clemons v. Crawford, 585 F.3d 1119, 1124 (8th Cir. 2009) (internal quotation marks and quoted case omitted).  "Well-pleaded facts, not legal theories or conclusions, determine the adequacy of the complaint."  Id. (brackets and quoted case omitted).  "The facts alleged in the complaint must be enough to raise a right to relief above the speculative level."  Id. (internal quotation marks and quoted case omitted).

Federal Rule of Civil Procedure 12(c) requires a court to "accept as true all factual allegations set out in the complaint" and to "construe the complaint in the light most favorable to the plaintiff[s], drawing all inferences in [their] favor."  Ashley County, Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009) (quoting Wishnatsky v. Rovner, 433 F.3d 608, 610 (8th Cir. 2006)).  "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law, the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6)."  Id. (internal punctuation and citations omitted).

### *III.  Discussion*

In his Complaint, plaintiff alleges claims of employment discrimination under the MHRA. These claims, however, have been found to be preempted by § 301 of the LMRA.  Despite having notice that all of his MHRA claims are preempted by federal labor law, plaintiff did not file an amended complaint.  Therefore, in addressing defendants' motion for judgment on the pleadings, the Court must determine whether plaintiff's Complaint – the petition he originally filed in state court – states a claim under § 301of the LMRA.

After reviewing the pleadings, the Court finds defendants are entitled to judgment as a matter of law because plaintiff has not alleged that he exhausted or attempted to exhaust the grievance procedures found in the CBA.  Prior to bringing a § 301 claim for breach of a CBA, an employee must exhaust the grievance process established by the CBA.  Vaca v. Sipes, 386 U.S. 171, 184 (1967) (before an employee may bring suit against his or her employer for breach of a [CBA] under § 301 of the LMRA, employee must "at least attempt to exhaust exclusive grievance procedures established by the [CBA]"); Smegal v. Gateway Foods of Minneapolis, Inc., 763 F.2d 354, 358 n.1 (8th Cir. 1985) ("[f]or employees to maintain a suit against their employer under 301(a) of the [LMRA] they must exhaust any exclusive grievance and arbitration procedures established under the [CBA]").  In order to state a claim under § 301, plaintiff must plead that he has exhausted such administrative remedies.  McFarland v. United Parcel Service, 2008 WL 2225726, at *1 (E.D. Mo. May 29, 2008) (citing Carter v. Ford Motor Co., 121 F.3d 1146 (8th Cir.1997); Whitson v. Pet, Inc., 1993 WL 732227, at *3 (E.D. Mo. Sept. 28, 1993)(citing Moore v. General Motors Corp., 739 F.2d 311 (8th Cir. 1984)).  See also Scott v. General Motors Corp., 645 F.Supp. 914, 916 (E.D. Mo. 1986) (dismissing suit because plaintiff failed to allege he exhausted the grievance procedures established in the CBA).  Because there are no allegations in the Complaint – in fact, no indication in the record

whatsoever – that plaintiff exhausted or attempted to exhaust the grievance procedures set forth in the CBA, he has failed to state a claim under § 301.

Defendants are also entitled to judgment as a matter of law because plaintiff's claims are time-barred. Section 301 has a six-month statute of limitations. DelCostello v. International Broth. of Teamsters, 462 U.S. 151, 169 (1983). The allegations upon which plaintiff claims are based occurred on or before July 8, 2010, the date on which he alleges defendants terminated his employment. Plaintiff did not file suit against defendants until August 11, 2011, more than 13 months after his discharge. Even if the Court were to construe the allegations in plaintiff's complaint as claims for breach of the CBA under § 301, the claims would be barred by the applicable statute of limitations. Williams v. George P. Reintjes Co., 361 F.3d 1073 (8th Cir. 2004) (affirming preemption by § 301 of the LMRA and finding that the claims were time-barred by § 301's six-month statute of limitations); Hanks v. General Motors Corp., 859 F.2d 67, 68 (8th Cir. 1988) (affirming dismissal of wrongful discharge claim that was found to be preempted by § 301 and was barred for failure to exhaust grievance procedures and for failure to comply with the six-month statute of limitations).

## IV. Conclusion

Having previously found that plaintiff's claims under the MHRA are preempted by federal labor law, the Court now finds that defendants are entitled to judgment as a matter of law. Plaintiff has failed to state a claim under § 301 of the LMRA because he has not alleged that he exhausted or attempted to exhaust the grievance procedures of the CBA. Furthermore, his claims are time-barred under the applicable six-months statute of limitations. Therefore, the Court finds defendants are entitled to judgment on the pleadings as a matter of law.

6

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for judgment on the pleadings is

**GRANTED.** [Doc. 19]

An appropriate judgment shall accompany this Memorandum and Order.


_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this __5th__ day of December, 2012.