# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| KAMMICK FOUCHE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:11-CV-1622 CAS |
| v. | ) | |
| | ) | |
| MISSOURI AMERICAN WATER | ) | |
| COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for reconsideration or to otherwise set aside judgment.  Defendants opposed the motion, and plaintiff did not file a reply memorandum.

The Federal Rules of Civil Procedure do not provide for a "motion for reconsideration." Humphreys v. Roche Biomedical Labs., Inc., 990 F.2d 1078, 1081 (8th Cir. 1993).  Plaintiff's motion involves the reconsideration of matters that were encompassed within the merits of the Court's judgment.  Any motion questioning the correctness of a judgment is functionally a motion to alter or amend the judgment under Rule 59(e), regardless of how the motion is styled.  Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998).  See also Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000); Sanders v. Clemco Industries, 862 F.2d 161, 168 n.13 (8th Cir. 1988).  Therefore, the Court will construe plaintiff's motion for reconsideration as a motion made pursuant to Rule 59(e).

A court has broad discretion in considering a Rule 59(e) motion.  Hagerman v. Yukon Energy Corp., 839 F.2d 407, 413 (8th Cir. 1988).  Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of

judgment." <u>White v. New Hampshire Dep't of Employment Sec.</u>, 455 U.S. 445, 450 (1982) (internal quotations omitted).  A Rule 59(e) motion may be granted to correct a manifest error of law or fact, or to consider newly-discovered evidence.  <u>See</u> <u>Hagerman</u>, 890 F.2d at 414 (citation omitted).  Such a motion cannot be used to introduce new evidence that could have been produced while the dispositive motion was pending.  <u>Chism v. W.R. Grace & Co.</u>, 158 F.3d 988, 992, n.4 (8th Cir. 1998); <u>Hagerman</u>, 839 F.2d at 414.

The arguments plaintiff makes in his one-page motion do not provide grounds for relief from the judgment.  Plaintiff has failed to establish a manifest error of law or fact, the discovery of new evidence, or an intervening change in the law.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Kammick Fouche's motion for reconsideration or to otherwise set aside judgment is **DENIED.**  [Doc. 29]


**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this  9th  day of January, 2013.

2